IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY HUTCHINSON, | : | |
|     Petitioner | : | No. 1:06-cr-173 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## MEMORANDUM ORDER

On October 24, 2011, this Court denied Petitioner's motion to vacate, modify, or correct his sentence pursuant to 28 U.S.C. § 2255, finding that Petitioner failed to set forth valid grounds on which to grant the requested relief. (Doc. No. 1617.) On November 7, 2011, Petitioner filed a notice of appeal. (Doc. No. 1618.) Thereafter, the United States Court of Appeals for the Third Circuit remanded the matter "for the sole purpose of either issuing a certificate of appealability or stating reasons why a certificate of appealability should not issue." (Doc. No. 1620.)

Under 28 U.S.C. § 2253(c)(2), a court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." In other words, a certificate of appealability should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In denying Petitioner's motion for relief under 28 U.S.C. § 2255, the Court concluded that Petitioner's claims lacked merit and did not warrant the requested relief. For the reasons that follow, the Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claims.

The factual and procedural background of this case are set forth in more detail in the

Court's October 24, 2011 order. To summarize, this case arises out of an interstate marijuana distribution conspiracy. After the Court denied Petitioner's motion to suppress evidence seized at a traffic stop, Petitioner ultimately pleaded guilty to being at the center of a conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, conspiracy to commit money laundering, and to the entry of an order of criminal forfeiture. (Doc. No. 1373.) In his sentencing memorandum, Petitioner stipulated that: (1) the amount of marijuana attributable to Petitioner should be 1,000 to 3,000 kilograms; (2) Petitioner should receive an enhancement for possession of a gun; and (3) Petitioner should receive a deduction for acceptance of responsibility. (Doc. No. 1481.) On August 28, 2008, the Court sentenced Petitioner to a term of 210 months of imprisonment.

Petitioner appealed his sentence, and his attorney filed an Anders brief. The United States Court of Appeals for the Third Circuit found that Petitioner's appeal was frivolous because, although he challenged this Court's denial of his motion to suppress drug evidence, "that issue is moot because [he] ultimately stipulated that the amount of marijuana involved in the conspiracy was 1,000 to 3,000 kilograms." (Doc. No. 1520 at 4-5.) After reviewing Petitioner's plea colloquy, the Third Circuit found that Petitioner entered his guilty plea voluntarily and knowingly. (Id. at 5.) Finding all other arguments raised by Petitioner were frivolous, the Third Circuit affirmed Petitioner's conviction and sentence.

On November 2, 2010, Petitioner filed his motion to vacate. (Doc. No. 1561.) Petitioner's Section 2255 motion alleges: (1) that Federal Public Defender Thornton was ineffective for failing to present evidence in support of the motion to suppress evidence; (2) that Attorney Fetterhoff was ineffective for failing to advise him that stipulating to the drug quantity

involved in the conspiracy would moot the provision of his conditional plea reserving his right to appeal the Court's denial of his motion to suppress; (3) that Attorney Fetterhoff "failed to conduct a reasonably adequate pre-sentencing investigation when he failed to interview [P]etitioner's co-defendants and ascertain vital information pertaining to [P]etitioner's culpability within the conspiracy;" and (4) that Attorney Fetterhoff was ineffective for failing to advise him prior to entering a guilty plea that he would be deported as a result of the conviction. The Court will briefly address each of Petitioner's claims in turn, stating reasons why a certificate of appealability should not issue.

First, Federal Public Defender Thornton was not ineffective for failing to present certain evidence in support of Petitioner's motion to suppress. Petitioner testified at the hearing on the motion to suppress. He submitted an affidavit in support of his Section 2255 motion, which was inconsistent with his testimony at the hearing on Petitioner's motion to suppress. It was not unreasonable for Thornton to fail to elicit facts at the suppression hearing that Petitioner only seems to have remembered nearly five years after the hearing took place. No reasonable jurist would disagree with this finding.

Second, Attorney Fetterhoff was not ineffective for failing to advise Petitioner that stipulation to the drug quantity involved in the conspiracy would moot the provision of his conditional plea reserving his right to appeal the Court's denial of his motion to suppress. Fetterhoff explained to Petitioner that the traffic stop was not material, and that the "219 pounds [seized in the traffic stop] was a drop in the bucket." (See Doc. No. 1612 at 65-67.) Given Fetterhoff's explanation, it was not unreasonable for him to assume that Petitioner understood the effects of the stipulation on Petitioner's right to appeal the Court's suppression ruling. No

reasonable jurist would disagree that Fetterhoff's representation did not fall below an objective standard of reasonableness by not specifically advising Petitioner that the stipulation as to drug quantity would have the effect of mooting an appeal of the suppression issue.

Third, Fetterhoff was not ineffective for "fail[ing] to conduct a reasonably adequate pre-sentencing investigation" into the issues of drug quantity and the firearm enhancement prior to recommending that Petitioner enter into a stipulation on those issues. Petitioner contends that Fetterhoff should have interviewed Petitioner's co-defendants with respect to these issues. It was not unreasonable for Fetterhoff to forego such investigation where he believed that investigation would be futile, considering the Government's contradicting evidence, Petitioner's perceived lack of credibility, and the countervailing sentencing benefit of Petitioner's acceptance of responsibility. Reasonable jurists would not disagree that Fetterhoff was not ineffective for declining to interview Petitioner's co-defendants with respect to the issues of drug quantity and the firearm enhancement.

Finally, Fetterhoff was not ineffective for failing to advise Petitioner prior to entering a guilty plea that he would be deported with certainty as a result of the conviction. While the United State Supreme Court held, in Padilla v. Kentucky, that competent counsel has a duty to give clear advice regarding the deportation consequences of a guilty plea, Fetterhoff's advice did not run afoul of this requirement. 130 S. Ct. 1473, 1483 (2010). In Padilla, the petitioner claimed that his counsel failed to advise him of the possibility of deportation, and told him that he "did not have to worry about immigration status since he had been in the country so long." Id. at 1478 (internal citation and quotation marks omitted). The Supreme Court explained that removal is "practically inevitable" when a non-citizen commits a removable offense, and that

"counsel must inform her client whether his plea carries a risk of deportation."  Id. at 1480, 1486.  The Third Circuit recently held that the holding in Padilla is retroactively applicable on collateral review.  United States v. Orocio, 645 F.3d 630, 641 (3d Cir. 2011).  In Orocio, the petitioner alleged that his counsel did not advise him of the "near-certain removal consequences of pleading guilty to a controlled substance offense."  Id. at 642.  The Third Circuit held that, like counsel in Padilla, who affirmatively misled a defendant regarding the deportation consequences of his guilty plea, petitioner Orocio's counsel was constitutionally deficient for failing to advise him of the adverse immigration consequences of his guilty plea.  Id. at 642-43.

In this case, Fetterhoff advised Petitioner that the likelihood of deportation would be "very high."  (Doc. No. 1612 at 60.)  At an evidentiary hearing on Petitioner's Section 2255 motion, Fetterhoff testified that he did not tell Petitioner that deportation was certain because "the contingencies of life are various and they're measured by different degrees."  (Id.)  Fetterhoff's advice clearly meets the constitutional mandate of Padilla.  Neither Padilla nor Orocio require an attorney to advise his client of an absolute certainty of deportation at the plea stage.  Rather, the Third Circuit explained that, under Padilla, "the failure of defense counsel to warn a defendant that a plea would make the defendant eligible for removal is a constitutional defect in representation that satisfies the first prong of the Strickland test."  Id. at 641 (emphasis added).  Here, unlike in Padilla or Orocio, Petitioner's counsel did advise him of the possibility that he would be deported if he pleaded guilty.  No reasonable jurist would disagree that Fetterhoff was not ineffective because he advised Petitioner of a high probability that he would be deported.

**ACCORDINGLY**, on this 13th  day of January 2012, **IT IS HEREBY ORDERED**

**THAT** a certificate of appealability **SHALL NOT ISSUE**.  The Clerk of Court is directed to promptly forward the record in this matter to the Clerk of the Court of Appeals for the Third Circuit following entry of this order.

                                                S/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania