Case 1:06-cr-00173-YK   Document 1651   Filed 06/02/14   Page 1 of 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY HUTCHINSON,** | : |
| Petitioner | : |
| | :    No. 1:06-cr-00173-01 |
| v. | : |
| | :    (Judge Kane) |
| **UNITED STATES OF AMERICA,** | : |
| Respondent | : |

### MEMORANDUM

Before the Court is Petitioner Rodney Hutchinson's motion pursuant to Federal Rule of Civil Procedure 60(b)(6) seeking relief from the Court's order denying his motion to vacate, set aside or correct his sentence. (Doc. No. 1647.) For the reasons that follow, the Court will deny Petitioner's motion.

**I.     BACKGROUND**

On April 10, 2008, Petitioner pleaded guilty to conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (Doc. Nos. 866, 1396.) The Court sentenced Petitioner to serve a term of imprisonment of 210 months. (Doc. No. 1489.) On November 2, 2010, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. (Doc. No. 1561.) On June 27, 2011, the Court held an evidentiary hearing regarding Petitioner's ineffective assistance of counsel claims. (Doc. No. 1607.) On October 24, 2011, the Court denied Petitioner's motion to vacate. (Doc. No. 1617.) On January 13, 2012, the Court declined to issue a certificate of appealability. (Doc. No. 1621.) The United States Court of Appeals for the Third Circuit similarly denied a certificate of appealability on June 15, 2012. (Doc. No. 1637.)

On April 21, 2014, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that the Court erred in failing to address an issue raised in Petitioner's Section 2255 petition. (Doc. No. 1647.) Specifically, Petitioner asserts that the United States failed to respond to his contention that his counsel "was especially ineffective in stipulating to the two-point 'money laundering' enhancement, as the said enhancement was inapplicable to [Petitioner's] case." (Id. at 2.) Petitioner contends that by failing to respond to this allegation, the United States conceded its merit, and that the Court erred in failing to address this issue in its order denying the motion to vacate. (Id.) Petitioner argues that fairness requires that his petition be re-opened and that this claim for ineffective assistance of counsel relating to the two-level money laundering enhancement be decided on the merits. (Id.)

## II.   DISCUSSION

Petitioner moves the Court to re-open his motion to vacate pursuant to Rule 60(b)(6). Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly-discovered evidence.[1]  Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Rule 60(b)(6) is a

---

[1] Rule 60(b) specifically provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief."

catch-all provision that permits reopening of a judgment when the movant shows a reason justifying relief other than the more specific circumstances contained in subsections (b)(1)-(5). Fed.R.Civ.P. 60(b).  "[L]egal error does not by itself warrant the application of Rule 60(b). .... Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)."  Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004). "Because parties have a strong interest in the finality of judgments, [t]his Court has ... cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances." Curran v. Howmedica Osteonics, 425 F. App'x 164, 165-66 (3d Cir. 2011).  The decision to grant or deny relief under Rule 60(b) lies in the sound discretion of the trial court.  Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).

A motion seeking relief under Fed.R.Civ.P. 60(b)(6) must be filed within a "reasonable time." Fed.R.Civ.P. 60(c)(1).  What constitutes a "reasonable time" depends on the circumstances of each case.  In re Diet Drugs Prod. Liab. Litig., No. 09–3818, 2010 WL 2254956, at *3 (3d Cir. June 7, 2010) (citing Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959)).  A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties.  Id.

The Court finds that Petitioner's Rule 60(b) motion was not filed within a reasonable time after the contested judgment and is clearly untimely.  In the Third Circuit, the initial judgment is the appropriate measuring date for timeliness if the basis for the 60(b) motion was available when the original judgment was issued.  See Moolenaar v. Government of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987). The Court's order denying Petitioner's motion to

vacate was entered on October 24, 2011, approximately two-and-a-half years prior to the filing of his 60(b) motion. A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007). Here, there are clearly no extraordinary circumstances justifying the delay. Petitioner's stated grounds for relief – that the Court did not address an element of his motion to vacate – should have been apparent at the time the order was filed, but he waited two-and-a-half years to file this motion. See Monoson, 239 F. App'x at 713 ("[w]here it is undisputed that most, if not all, of the conduct that forms the basis of [petitioner's] motion under Rule 60(b) was known to him [at the time of the District Court's decision], we find no abuse of discretion in the District Court's ruling that the portion of his motion seeking relief under Rule 60(b) was untimely"). Indeed, nowhere in Petitioner's motion does he state any grounds justifying the delay in filing his 60(b) motion. Accordingly, the Court will dismiss the Petition as untimely. See Moolenaar, 822 F.2d at 1348 (finding that a Rule 60(b)(6) motion "almost two years after the district court's initial judgment . . . was not made within a reasonable time."); United States v. Dietsch, 2 F.Supp.2d 627, 633 (D.N.J. 1998) (finding that 60(b) motion filed more than two years after order was not within a reasonable time).[2]

---

[2] Moreover, even if Petitioner's motion were timely, he still has not presented extraordinary circumstances justifying Rule 60(b) relief. The issue that the Court allegedly failed to address – that Petitioner received ineffective assistance of counsel because of counsel's stipulation to two-point 'money laundering' enhancement – is not raised anywhere in Petitioner's motion to vacate. (See Doc. No. 1563.) After filing his Petition, the Court issued a notice of election to Petitioner informing him that failure to respond would result in the Court ruling on his petition as filed. (Doc. No. 1564.) Plaintiff did not return the notion of election and the Court proceeded to issue service of Petitioner's motion on the United States (Doc. No. 1569.) Additionally, although the Court provided Petitioner with counsel and held an evidentiary

Although petitioner moves for relief under Rule 60(b)(6), the Court notes his grounds for relief–that the Court failed to address an element of his motion to vacate–may fall under the purview of Rule 60(b)(1) instead of 60(b)(6).  Rule 60(b)(1) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).  However, motions based upon Rule 60(b)(1) are subject to a specific time limit and may not be filed more than one year after the judgment, order, or proceeding at issue was entered.  Fed.R.Civ.P. 60(c)(1).  Petitioner's filing is therefore also untimely if the Court construes the motion as falling under Rule 60(b)(1).  Because Petitioner's motion is clearly untimely under either section (b)(1) or (b)(6), the Court need not determine which section controls Petitioner's motion, and the Court will deny the requested relief.  An order consistent with this memorandum follows.

---

hearing, no issues regarding the two-level "money laundering" enhancement were raised at the hearing or in the brief prepared by counsel on behalf of Hutchinson. (See Doc. Nos. 1607, 1616.)  Rather, the two-level money laundering enhancement theory is only briefly mentioned in Petitioner's pro se supplemental brief (Doc. No. 1567) and in his reply brief to the United States (Doc. No. 1585).  Accordingly, it is not clear that the two-level "money laundering" enhancement issues was ever properly before the Court in the first place, and a failure to address it is not an extraordinary circumstance justifying relief.