IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY HUTCHINSON,** : | |
|     Petitioner : | |
| : | No. 1:06-cr-00173-01 |
| v. : | |
| : | (Judge Kane) |
| **UNITED STATES OF AMERICA,** : | |
|     Respondent : | |

## MEMORANDUM

Before the Court is Petitioner Rodney Hutchinson's motion for reconsideration seeking relief from the Court's order denying his earlier motion for reconsideration (Doc. No. 1656), and a motion for leave to appeal in forma pauperis (Doc. No. 1654). For the reasons that follow, the Court will deny Petitioner's motion for reconsideration, but will grant Petitioner's motion for leave to appeal in forma pauperis.

**I.   BACKGROUND**

On April 10, 2008, Petitioner pleaded guilty to conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (Doc. Nos. 866, 1396.) The Court sentenced Petitioner to serve a term of imprisonment of 210 months. (Doc. No. 1489.) On November 2, 2010, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. (Doc. No. 1561.) On June 27, 2011, the Court held an evidentiary hearing regarding Petitioner's ineffective assistance of counsel claims. (Doc. No. 1607.) On October 24, 2011, the Court denied Petitioner's motion to vacate. (Doc. No. 1617.) On January 13, 2012, the Court declined to issue a certificate of appealability. (Doc. No. 1621.) The United States Court of Appeals for the Third Circuit similarly denied a

certificate of appealability on June 15, 2012. (Doc. No. 1637.)

On April 21, 2014, Petitioner filed a motion for reconsideration of the Court's denial of his earlier motion to vacate, pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that the Court erred in failing to address an issue raised in his petition. (Doc. No. 1647.) The Court denied Petitioner's motion as untimely. (Doc. No. 1651.) Specifically, the Court found that Petitioner had not filed his motion within a "reasonable time," and had not set forth any extraordinary circumstances justifying or explaining his delay. (Id.) On July 2, 2014, Plaintiff filed a new motion for reconsideration, moving the Court to reconsider its denial of his first motion for reconsideration, and its denial of Petitioner's Section 2255 motion. (Doc. No. 1656.) Petitioner also filed a motion for leave to appeal in forma pauperis. (Doc. No. 1654.)

## II.     DISCUSSION

### A.     Motion for reconsideration

Petitioner argues that the Court erred in denying his earlier motion for reconsideration because he has set forth extraordinary grounds for relief. (Doc. No. 1656.) Specifically, he assrts that the Court's initial error – which he contends resulted in a miscalculation that increased his sentence by forty-two months, and which he argues was not addressed in the Court's order denying his motion to vacate – constitutes cruel and unusual punishment and extraordinary circumstances. (Id. at 4-6.) Petitioner asserts that this is an "easily correctable error," and that denying to hear his argument on the merits "due to discretionary interpretation of procedural limitation" results in Petitioner suffering irreparable harm. (Id. at 6-8.)

As the Court noted in its earlier order, a motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless "extraordinary circumstances" excuse the

party's failure to proceed sooner. (Doc. No. 1651 at 4 (citing Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007).) Although Petitioner again argues that the Court's failure to address one of the issues in his Section 2255 motion – which he asserts resulted in a forty-two month miscalculation in his sentence – is an extraordinary circumstance justifying Rule 60(b) relief, he still does not allege any reasons justifying his failure to proceed sooner in filing his motion. The Court is sympathetic to Petitioner's argument that he is a first time offender and a pro se litigant, but the Court is bound by the analysis provided in its initial order, which controls Petitioner's claim and which the Court need not rehash again in its entirety. (See Doc No. 1651) Petitioner waited two-and-a-half years after the Court's order denying his Section 2255 petition to file his first motion for reconsideration, and he provided the Court with no reasons justifying the delay. (Id.) In his new motion, Petitioner still has not presented the Court with a valid reason to reconsider its findings regarding the timeliness of his motion. See Dietsch v. United States, 2 F. Supp. 2d 627, 633 (D.N.J. 1998) ("Because the Rule 60(b) Motion was not filed within a 'reasonable time' and there is no sufficient excuse for the delay, the Rule 60(b) Motion is denied.")

Petitioner additionally asks for the first time that the Court now construe his initial motion for reconsideration as one pursuant to Rule 60(b)(4), which is not "under the constraints of time limits." (Doc. No. 1656 at 5.) Rule 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." Fed.R.Civ.P. 60(b)(4). However, the interest of finality requires that the concept of void judgments be construed narrowly. United States v. Zimmerman, 491 F. App'x 341, 344 (3d Cir. 2012). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final."

United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." Zimmerman, 491 F. App'x at 344 (3d Cir. 2012) (citing Espinosa, 559 U.S. at 271). Plaintiff asks the Court to consider his motion under Rule 60(b)(4), but provides no support for his proposition that the Court's earlier judgment was somehow void. The Court finds that Rule 60(b)(4) has no application here. See id. (citing Marshall v. Bd. of Ed., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978)) ("A judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'")  Accordingly, the Court will deny Petitioner's motion for reconsideration.  An order consistent with this memorandum follows.

### B.    Leave to appeal in forma pauperis

Petitioner also filed a motion for leave to appeal in forma pauperis. The Federal Rules of Appellate Procedure set forth the manner in which a litigant is permitted to seek leave to appeal in forma pauperis. (Doc. No. 1654.) Specifically, Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides, in relevant part:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
> (A)    shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B)    claims an entitlement to redress; and
> (C)    states the issues that the party intends to present on appeal

Fed. R. App. P. 24(a)(1).

In his motion to appeal in forma pauperis, Petitioner states that "he has no funds of any kind" and included an account statement indicating that he has $60.92 in his account. (Doc. No. 1654.) The Court thus finds Petitioner adequately sets forth his inability to pay fees and costs associated with his appeal. The Court observes, however, that Petitioner does not actually include with his motion an entitlement to redress, nor does he state the issues the intends to present on appeal. However, the Court is cognizant that it must liberally construe a pro se litigant's pleadings, and the Court believes Petitioner does clearly set forth, in the motions for reconsideration addressed above and one of which was filed after Petitioner's IFP motion, the issues that Petitioner intends to pursue in appealing the Court's order. (See Doc. Nos. 1647, 1656). Accordingly, because Petitioner has made an adequate showing of financial need, the Court will grant Petitioner's motion for leave to appeal in forma pauperis. See Mauro v. New Jersey Supreme Court, Case No. 56,900, 238 F. App'x 791, 793 (3d Cir. 2007) ("The decision whether to grant leave to proceed on appeal in forma pauperis depends solely on whether the applicant is economically eligible; we do not consider whether the action or appeal is frivolous.") An order consistent with this memorandum follows.